UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

**LANETTE R. JONES,**

Case No. 13-18948-LMI
Chapter 7

Debtor

_____/

### TRUSTEE DILLWORTH'S MOTION TO APPROVE
### STIPULATION FOR PURCHASE OF NON-EXEMPT ASSETS BY DEBTOR

> **Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an Order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

DREW M. DILLWORTH ("**Trustee Dillworth**"), the duly appointed, qualified, and acting Chapter 7 Trustee for the above-styled bankruptcy estate of Lanetter Jones **("Debtor")**, pursuant to 11 U.S.C. § 105, Rule 9019 of the Federal Rules of Bankruptcy Procedure, and Local Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida, respectfully requests the Court to enter an order approving the stipulation for the Debtor's purchase of non-exempt assets from the estate.

1. The Debtor filed this bankruptcy case on April 19, 2013.

2. The only non-exempt asset in this case was the Debtor's ownership interest in the Petition Date Bank Deposits, Household Goods and Services and LRJ Enterprises (the "Bank Deposit", the "House Goods" and the "Business").

3. The Debtor agreed to pay Trustee Dillworth, for the benefit of creditors, the sum of $4,000.00 for the non-exempt assets as outlined in the attached settlement agreement.

4. Trustee Dillworth believes that the proposed settlement is fair and reasonable and int the best interests of creditors and parties in interest. The law generally favors compromise of disputes over litigation for litigation sake. *See In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). Moreover, the settlement of time-consuming and burdensome litigation is encouraged, especially in bankruptcy cases. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. V. Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1(1968); *In re Penn Central Transportation Co.*, 596 F.2d 1102 (3d Cir. 1979). The bankruptcy court has broad discretion to approve a compromise, and settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016; *see also In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).

5. Trustee Dillworth respectfully submits that the proposed settlement is fair and reasonable, represents a benefit to the Debtor's estate and creditors, and reflects prudent judgment.

**WHEREFORE,** Trustee Dillworth respectfully requests this Court to enter an Order (a) granting this Motion; (b) approving the settlement outlined herein; (c) authorizing and directing the parties to execute any and all documents and perform such acts as are necessary and appropriate to effectuate the settlement; and (d) granting such other relief as the Court may deem proper.

Respectfully submitted,

/s/ Drew M. Dillworth
Drew M. Dillworth, Trustee
150 West Flagler Street
Suite 2200
Miami, FL 33130
305-789-3200
Ddillworth@stearnsweaver.com

## CERTIFICATE OF SERVICE

I CERTIFY that on July 23, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and the foregoing document is being served this day by (i) transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and (ii) by U.S. Mail to those parties as indicated on the attached service list.

/s/ Drew M. Dillworth
Drew M. Dillworth, Trustee
150 West Flagler Street
Suite 2200
Miami, FL 33130
305-789-3200
Ddillworth@stearnsweaver.com

#3015134 v1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 13-18948-LMI<br>Southern District of Florida<br>Miami<br>Tue Jul 23 11:57:14 EDT 2013 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Atlas Acquisitions<br>294 Union St<br>Hackensack, NJ 07601-4303 |
| Recovery Management Systems Corporation<br>25 SE 2 Ave #1120<br>Miami, FL 33131-1605 | American Express<br>PO BOX 981537<br>EL PASO, TX 79998-1537 | Bell South<br>Don't know<br>Charlotte, NE 02124 |
| Capital One Bank USA NA<br>PO BOX 30281<br>Salt Lake City, UT 84130-0281 | Chase/Bank One Card Services<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 | City County Credit Union of Ft. Lauderda<br>634 NE 3RD AVE<br>Ft. Lauderdale, FL 33304-2697 |
| Comenity Bank/Avenue<br>PO BOX 182789<br>Columbus, OH 43218-2789 | Comenity Bank/Onestpls<br>P.O Box 182789<br>Columbus, OH 43218-2789 | Comenity Bank/Trek<br>P.O. Box 182789<br>Columbus, OH 43218-2789 |
| EOS CCA<br>700 Longwater Dr<br>Norwell, MA 02061-1624 | I C SYSTEMS<br>444 Highway 96 E<br>St. Paul, MN 55127-2557 | JTH INc dba Liberty Tax Service<br>1716 Corporate Landing Parkway<br>Viriginia Beach, VA 23454-5681 |
| JTH Tax, Inc. dba Liberty Tax Service<br>1716 Corporate Landing Pkwy<br>Virginia Beach, VA 23454-5681 | Jackson Hospital<br>1601 NW 12 Avenu<br>Miami, FL 33136-1005 | Ocwen<br>1661 Worthington Rd<br>Attn Bankruptcy Department<br>West Palm Beach, FL 33409-6493 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Onestopplus.com<br>PO BOX 182789<br>Columbus, OH 43218-2789 | Silhouettes<br>PO BOX 182789<br>columbus, OH 43218-2789 |
| Drew M Dillworth<br>2200 Museum Tower<br>150 West Flagler St<br>Miami, FL 33130-1536 | Lanette R Jones<br>18611 NW 8th Court<br>Miami, FL 33169-3817 | Paul M Botros<br>1101 Brickell Ave #N 1101<br>Miami, FL 33131-3105 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Miami | (d)American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern  PA 19355-0701 | (d)Atlas Acquisitions LLC<br>294 Union St.<br>Hackensack, NJ 07601-4303 |

End of Label Matrix
Mailable recipients    23
Bypassed recipients     3
Total                  26

Case 13-18948-LMI    Doc 24    Filed 07/23/13    Page 5 of 8



EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: __13-18948-LMI__
                                                          Chapter 7

__LANETTE A. JONES__

        Debtor(s).
_____/

### STIPULATION FOR THE PURCHASE
### OF THE DEBTOR(S) NON-EXEMPT ASSET(S)

Drew M. Dillworth, Trustee and the debtor(s) in the above styled case ("Debtor(s)") hereby stipulate to the Purchase of the Non-Exempt Asset(s) disclosed in the bankruptcy schedules on this case and more specifically identified below as follows:

1. Debtor(s) filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on the date set forth on the record. Trustee Dillworth is the Chapter 7 Trustee.

2. Trustee Dillworth and Debtor(s) enter into this agreement for the purchase of the estate's right, title, and interest in the Debtor(s) non-exempt interest in the following property:

__PETITION DATE BANK DEPOSITS__
__HOUSEHOLD GOODS AND SERVICES__
__LRJ ENTERPRISES__

all being referred to below as the "Non-Exempt Asset(s)".

3. As consideration for the Non-Exempt Asst(s), the Debtor(s) agree(s) to pay to Trustee Dillworth, in the form of a money order or a cashier's check made payable to "Drew M. Dillworth, Trustee, for the benefit of the Estate" the total sum of $__4,000__ in consecutive monthly payments of $__250__ beginning __August 15, 2013__ until paid in full.

4. In the event of a default, Trustee Dillworth will notify counsel to Debtor(s) of said default by facsimile transmission, U.S. Mail or Electronic Mail. If said default is not cured

within ten (10) days of the notice of default, Trustee Dillworth may proceed as set forth in Paragraph 5 of this Stipulation.

5. In the event the Debtors fail to make the aforesaid payments on a timely basis, Trustee Dillworth shall be entitled to a revocation of Debtor(s) discharge by contested motion pursuant to Rule 9024, Fed. R. Bank. P., and Debtor(s) waive the requirement of an adversary proceeding for such matter. Should Debtor(s) cure any default after notice and the filing of a motion pursuant to this paragraph, Debtor(s) further agree that they shall be additionally liable to the estate in the amount of $500.00 as and for lump sum attorneys' fee and costs associated with such default and failure to timely cure.

6. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, modified or supplemented except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

---

Drew M. Dillworth, Bankruptcy Trustee
Florida Bar No. 0167835
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:   (305) 789-3598
Facsimile:   (305) 789-3395

*(signature)*
Debtor

---
Debtor

---
Attorney for Debtor(s)

#880748 v1

2



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

**LANETTE R. JONES,**

Case No. 13-18948-LMI
Chapter 7

Debtor
_____/

### ORDER APPROVING STIPULATION FOR THE PURCHASE OF THE DEBTOR'S NON-EXEMPT ASSET(S)

THIS CAUSE came before the Court on Drew M. Dillworth, Trustee's Motion (DE___) to Approve Stipulation for the Purchase of the Debtors Non-Exempt Assets (the "Motion") and the Trustee Dillworth's Certificate of No Response to the Motion. The Court having reviewed the Motion, finding that the Stipulation for the purchase of the debtors non-exempt asset is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, does -

ORDER and ADJUDGE that the Motion is Granted and the Stipulation attached to the Motion is approved in all respects.

###

Submitted by/Copy to:
Drew M. Dillworth, Trustee
(Trustee Dillworth shall serve copies of this order on all interested parties and file a certificate of service.)

@PFDesktop\::ODMA/MHODMA/DMS;ACTIVE;3014948;1